UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ROBERT MOORE,<br><br>            Plaintiff,<br><br>     v.<br><br>LONG BEACH POLICE DEP'T et al.,<br><br>            Defendants. | Case No. CV 22-1637-AB (JPR)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

    On March 10, 2022, Plaintiff filed this civil-rights action pro se, using an address at a Veteran's Affairs medical center. Shortly thereafter, mail the Court sent Plaintiff at his address of record was returned as undeliverable, with notations that he had been "discharged" and had "moved." The first such piece of mail was received back by the Court on March 25, 2022. Plaintiff has not filed a change of address or otherwise communicated with the Court since filing his Complaint.

    Local Rule 41-6 provides that

    [a] party proceeding pro se must keep the Court . . .
    informed of the party's current address . . . . If a
    Court order or other mail served on a pro se plaintiff at

1

>his address of record is returned by the Postal Service as undeliverable and the <u>pro se</u> party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

<u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, by failing to file a change of address, Plaintiff has rendered the Court unable to communicate with him. He has not rebutted the presumption of

prejudice to Defendants, and no less drastic sanction is available. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.

It therefore is ORDERED that this action is dismissed without prejudice for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 2, 2022

ANDRE BIROTTE JR.
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge